UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

CEDAR RAPIDS AREA CHAPTER )
OF THE MECHANICAL )
CONTRACTORS ASSOCIATION )
OF IOWA, DAVID ALATALLO, in )
his capacity as appointed )
Employer Trustee, and BRETT )
BRECKE, in his capacity as )
appointed Employer Trustee, )
 )
          Plaintiffs, )    No. 13cv60 EJM
vs. )
 )    ORDER
BOARD OF TRUSTEES OF U.A. )
LOCAL UNION NO. 125 HEALTH )
AND WELFARE FUND, BOARD )
OF TRUSTEES OF U.A. LOCAL )
UNION NO. 125 RETIREMENT )
SAVINGS PLAN, BOARD OF )
TRUSTEES OF U.A. LOCAL )
UNION NO. 125 VACATION )
FUND, BENNY REIGER, in his )
capacity as purported Employer )
Trustee, and MICHAEL DRAHOS, )
in his capacity as purported )
Employer Trustee, )
 )
          Defendants. )

This matter is before the court on defendants' resisted Motion to Dismiss First and Second Amended Complaints, filed August 30, 2013. Denied.

Plaintiffs, an employer association of mechanical contractors and two associated individuals, David Alatallo and Brett Brecke, bring this action against the five defendants, three Boards of Trustees of Local Union Number 125 and two associated individuals, Benny Reiger and Michael Drahos, alleging breaches

of fiduciary duty in violation of the Employee Retirement Income Security Act, (ERISA.) Plaintiffs seek declaratory and injunctive relief to unseat Messrs. Reiger and Drahos from the Employer Trustee seats on the three Board defendants, and replace them with Messrs. Alatallo and Brecke. In that defendants' motion seeks to dismiss the First Amended Complaint, since the Second Amended Complaint has been filed, it is denied as moot, as previously ordered by the court. This court has jurisdiction under 28 U.S.C. §1331 and §502(a)(3) and (e) of ERISA.

Regarding the motion insofar as it seeks to dismiss the Second Amended Complaint, all "well pleaded facts" in the Second Amended Complaint will be accepted as true for purposes of this motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1936, 1949 (2009); Braden v. Wal-Mart Stores, 588 F.3d 585, 594 (8th Cir. 2009.) Although plaintiffs' complaint is not in compliance with the provisions of Fed.R.Civ.Pro. 8(a)(2) requiring "a short and plain statement of the claim", the facts as pleaded therein shall nonetheless be accepted as true for purposes of this motion.

Movants cite three reasons for dismissal. First, plaintiffs lack standing under ERISA §502; second, plaintiffs have not alleged any harm; and third, the Second Amended Complaint is time barred.

As to the allegations of lack of standing, the Second Amended Complaint claims that plaintiff Mechanical Contractors Association of Iowa (MCAI) had the

right to appoint and in fact did appoint Messrs. Alatallo and Brecke to the Employer Trustee seats in question now de facto occupied by Messrs. Reiger and Drahos, and that Messrs. Alatallo and Brecke are in fact the properly appointed Employer Trustees. Accepting these allegations as true for purposes of this motion to dismiss, this gives Messrs. Alatallo and Brecke sufficient fiduciary standing to bring this action under ERISA §502(a)(3.) Great Lakes Steel v. Deggendorf, 716 F.2d 1101 (6th Cir. 1983.) MCAI has limited standing as the appointing employer association under Licensed Division District No. 1 MEBA/NMU, AFL-CIO v. DeFries, 943 F.2d 474 (4th Cir. 1991.)

As to harm, plaintiffs allege that Messrs. Reiger and Drahos took certain substantive votes as Employer Trustees, including at the June 13, 2013 meetings of the three defendant Boards, which Messrs. Alatallo and Brecke, if they had been the Employer Trustees, would not have taken. This is enough to allege harm at this stage. Cigna Corp. v. Amara, 131 S.Ct. 1866 (2011.) See also Braden, supra.

Finally, defendants submit that these claims are time-barred. ERISA section 413 states that breach of fiduciary actions are time barred "after the earlier of (1) six years after…the date of the last action which constituted a part of the breach or violation,… or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." The Second Amended Complaint alleges that the wrongful actions underlying this dispute include the

3

appointment by MCAI of Messrs. Alatallo and Brecke as Employer Trustees on February 5, 2013, and the failure to accept and seat them at the January and June 2013 Board meetings. Accepting these allegations as true for purposes of this motion, this is timely.

It is therefore

ORDERED

Denied.

September 25, 2013.

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

4

Case 1:13-cv-00060-EJM   Document 39   Filed 09/25/13   Page 4 of 4